UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAGUFTA ROHI,

          Plaintiff,

v.

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

          Defendant.

Case No. 2:22-cv-10551

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER REMANDING CASE**

    Defendant Cigna Health and Life Insurance placed a lien on Plaintiff's Estate, and Abdul Majid, the personal representative of Plaintiff's Estate, petitioned to extinguish the lien in Oakland County Probate Court. ECF 3, PgID 210–18. Defendant timely removed the case. ECF 2. Because the Estate's petition does not raise a federal claim, the Court must remand the case for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913–14 (6th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

1

## BACKGROUND[1]

Plaintiff's Estate case was opened in 2018. ECF 3, PgID 210. Majid, who is Plaintiff's widower, sued several doctors and a Detroit hospital for medical malpractice on behalf of Plaintiff's Estate in the Wayne County Circuit Court. ECF 2, PgID 5. Plaintiff was insured under Defendant's "Group Cigna Medical Plan" ("Plan"). *Id.* The Plan is "an employee welfare benefit plan" governed by the federal Employee Retirement Income Security Act ("ERISA"). *Id.* at 6, 41.

Sometime during the litigation, Defendant sent the Estate's counsel a lien notice that totaled $850,408.56. *Id.* at 5; *see also* ECF 3, PgID 212, 229–37. The notice stated that, under the Plan's terms, Defendant "is entitled to be subrogated to and/or reimbursed from any settlement or judgment received by or on behalf of your client from any payments designed to compensate your client for medical expenses and injuries received as a result of this incident." ECF 3, PgID 229; *see also* ECF 2-3, PgID 91, 152–54 ("Summary Plan Description") ("[I]f the Plan . . . provides benefits for an injury . . . and you recover monies or benefits from a third party due to that particular injury, . . . the Plan [will have] an equitable lien in connection with such payments.") ("[A]ny proceeds of settlement or judgment . . . [will be] held for the benefit of the Plan."). The notice also stated that a lien had been placed "on any proceeds due or agreed to be paid to the claimant." ECF 3, PgID 229. An itemized list of benefits paid

---

[1] "The district court has wide discretion to consider affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts without turning the motion into one for summary judgment." *Cmty. Ins. Co. v. Rowe*, 85 F. Supp. 2d 800, 804 (S.D. Ohio 1999) (cleaned up).

2

by Defendant accompanied the notice. *Id.* at 231–37. The "Benefit Amount" totaled $850,408.56—the same amount claimed by the lien. *Id.* at 212, 237.

In probate court, Plaintiff's Estate petitioned to extinguish Defendant's lien. *Id.* at 210–18. The Estate argued that Defendant had not "pro[ven] that a valid lien exists or that any of the claimed lien was related to the alleged claims in the Wayne County action." *Id.* at 216. The Estate also "request[ed] an evidentiary hearing for [Defendant] to prove" several facts bearing on the lien's validity. *Id.*

Defendant later removed the petition to federal court and alleged that the Court had federal question jurisdiction over the matter "because [Plaintiff], as an alleged participant and beneficiary under an employee benefit plan, seeks recovery of plan assets, benefits[,] and other relief under said employee benefit plan . . . controlled by ERISA." ECF 2, PgID 5. Defendant also noted that "Plaintiff's claim relates to a group life insurance policy that is" governed by ERISA. *Id.* at 6.

## LEGAL STANDARD

To successfully remove a case to federal court based on federal question jurisdiction, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914. And "it is well settled that federal . . . defenses are 'inadequate to confer federal jurisdiction.'" *Id.* at 914–15 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

"A special corollary to the well-pleaded complaint rule provides that federal question jurisdiction exists when the plaintiff's claim occurs in an area of the law

3

which Congress has so completely preempted that any complaint raising a claim in that area necessarily presents a federal issue." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 944 (6th Cir. 1994) (citations omitted). Title 29, Section 1132 "impliedly preempts actions brought in state court that could have been brought under ERISA's civil enforcement section." *Id.* at 943. And the Sixth Circuit has held that "a defense premised on § 1132 preemption creates federal question jurisdiction." *Id.* at 945 (discussing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67–68 (1987)).

## DISCUSSION

Defendant claimed that the Court has federal question jurisdiction over the petition because ERISA governs the Plan. ECF 2, PgID 5–6. But the Estate's petition is not an action "brought in state court that could have been brought under ERISA's civil enforcement section." *Alexander*, 13 F.3d at 943; *see* § 1132(a). According to Defendant, its lien was placed on Plaintiff's Estate under the Plan's terms. ECF 3, PgID 229; *see also* ECF 2-3, PgID 91, 152–54. And the Estate disputes Defendant's entitlement to the lien, the amount claimed by the lien, and how much subrogation or reimbursement of the settlement is allowed under Michigan law. ECF 3, PgID 214–16. Put simply, the petition questions the lien itself and does not raise a question under ERISA's civil enforcement provision. *See Rowe*, 85 F. Supp. 2d at 815–16 (holding that a plaintiff seeking equitable relief to determine a defendant's "rights to subrogation under the general laws of [the state]" was not an ERISA enforcement matter).

4

What is more, Defendant asserted that the Court has "jurisdiction over the action because [Plaintiff], as an alleged participant and beneficiary under an employee benefit plan, seeks recovery of plan assets, benefits[,] and other relief under [the Plan]." ECF 2, PgID 5. But the Estate seeks no such relief. *See generally* ECF 3, PgID 210–18. The petition presents two requests to the probate court: (1) to extinguish Defendant's lien; or in the alternative (2) to hold an evidentiary hearing for Defendant to prove the validity of the lien. *Id.* at 216. Yet the petition mentions no "recovery of plan assets, benefits[,] or other relief under [the Plan]" as Defendant suggests. ECF 2, PgID 5. *See generally* ECF 3, PgID 210–18. Instead, the Estate "sought a determination of whether [Defendant] is entitled to part of their settlement" and did not seek "to clarify [its] rights under the terms of the [P]lan to future benefits." *Rowe*, 85 F. Supp. 2d at 815. The Estate ultimately did not "raise[] claims within the scope of § 1132(a)(1)(B)" in its petition, so ERISA "cannot form a basis for removal to [the] Court." *Id.*

Next, the Estate noted in its petition that Defendant's "lien arises out of an [ERISA] plan," ECF 3, PgID 214, and Defendant read the statement to be a "stipulat[ion] that this matter is governed by ERISA," ECF 2, PgID 6.[2] But Defendant's reading is too broad. The petition did not acknowledge that the present *dispute* falls under ERISA's civil enforcement section; the petition noted only that the

---

[2] The parties also discussed the "probate exception." ECF 2, PgID 7–8; ECF 3, PgID 217. But the Court need not address the exception because Plaintiff does not raise an ERISA enforcement claim under § 1132 in its petition and the Court lacks jurisdiction over it.

5

*Plan* is governed by ERISA. ECF 3, PgID 214. And the distinction is critical. Federal question jurisdiction does not arise simply because a matter has some attenuated connection to a Plan governed by ERISA; Plaintiff must seek to "enforce certain rights guaranteed by ERISA." *Alexander*, 13 F.3d at 946. But Plaintiff here merely questions whether Defendant's lien is valid and requests, at minimum, that Defendant be ordered to prove its validity. *See* ECF 3, PgID 216–17. Put another way, the Estate's petition is not an ERISA enforcement action seeking "payment from the [P]lan." *Rowe*, 85 F. Supp. 2d at 814 (quotation omitted). Defendant therefore improperly removed the petition.

Last, Federal courts within the Sixth Circuit have resolved near-identical removal actions in which defendants claim that subject-matter jurisdiction exists under the alternate subsection, § 1132(a)(3). *See, e.g.*, *Rowe*, 85 F. Supp. 2d at 815–16; *Cottrill v. Allstate Ins. Co.*, No. 2:09-cv-714, 2009 WL 3673017, at *2–4 (S.D. Ohio Oct. 30, 2009). But "even if Plaintiff['s] claim fell squarely within the scope of § 1132(a)(3), it would not necessarily be subject to complete preemption" because "the Sixth Circuit [has] held that the only ERISA claims subject to the complete preemption doctrine are those brought under § 1332(a)(1)(B)" or "§ 1132(a)(2)." *Cottrill*, 2009 WL 3673017, at *4 (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) and *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999)). Indeed, "neither the Supreme Court nor the Sixth Circuit has extended the complete preemption doctrine to claims under § 1132(a)(3)." *Rowe*, 85 F. Supp. 2d at 816. Thus, neither civil enforcement subsection resists an order to remand the case.

6

All told, the petition falls outside ERISA's civil enforcement section, so ERISA cannot provide a basis for the Court's subject-matter jurisdiction. The Court will therefore remand the case to the Oakland County Probate Court for lack of subject-matter jurisdiction.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the Oakland County Probate Court.

**IT IS FURTHER ORDERED** that the motion to dismiss [4] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 24, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 24, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager